IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR No.: 3:02-229-JFA |
| ) | |
| v. ) | ORDER |
| ) | |
| WILLIE MANLEY BOWMAN ) | |
| ) | |
| _____ ) | |

Upon motion of the defendant under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at U.S.S.G. § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

IT IS ORDERED that the defendant's motion (ECF No. 43) is DENIED. The defendant was sentenced to 108 months as to Count 1, and 120 months as to Count 3, to be served consecutively. The defendant was afforded previous relief under Rule 35(b) and Amendments 706 and 715 of the United States Sentencing Guidelines. However, any possible reductions under Amendment 750 result in the same guideline range for the defendant. Therefore, as Amendment 750 did not lower the defendant's guideline range,[1] it does not apply.

IT IS SO ORDERED.

March 7, 2012            Joseph F. Anderson, Jr.
Columbia, South Carolina    United States District Judge

---

[1] The defendant's total offense level at sentencing was 36 and he received a 3-level reduction under Rule 35(b) and 2-level reduction pursuant to Amendments 706 and 715 [36 – 3 (Rule 35) – 2 (A706, 715) = 31. With a criminal history category of I, this yielded a sentence of 108 to 155 months, plus 120 months for his consecutive sentence (Count 3). The court sentenced to the defendant to 228 months (108 + 120).